In re BOTSFORD et al.

BOTSFORD v. FULLER.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

WILLS—GENERAL LEGACY—RIGHT TO LAPSED LEGACY.

> After making specific bequests, a will gave the income of a stated sum to a person for life; after her death said sum and accrued interest to go to certain legatees in stated proportions. The fund was insufficient to pay all the legacies in full, but one of them lapsed, being invalid. *Held*, that the legacies were general as against the fund out of which they were payable, and hence residuary legatees were not entitled to the lapsed legacy until after full payment of the other legacies.

Appeal from surrogate's court, Chenango county.

Petition by Marcus D. Botsford and another, as surviving executors of the will of Devillo White, deceased, for a final settlement of their accounts. From a decree directing a legacy represented by Charles A. Fuller, as administrator of Linn S. Shipman, deceased, to be paid in full (52 N. Y. Supp. 238), Marcus D. Botsford, a residuary legatee. appeals. Affirmed.

The controversy upon this appeal relates to the fifth clause of the will of Devillo White. The will bears date December 6, 1882, was wholly in the handwriting of the testator, and was duly admitted to probate on the 31st May, 1882. After a provision for the payment of debts and expenses, and some specific bequests and devises to his wife and others, there came the fifth clause, as follows: "Fifth. I give and bequeath the interest or income on forty thousand dollars to my well-beloved wife, Caroline, during her natural life, and hereby direct my executors, hereinafter named, to pay to her, my

wife, Caroline, said interest or income every six months upon taking her receipt for the same; and I do further herein direct and declare that the provisions in this, my will, contained for the benefit and in maintenance of my well-beloved wife, Caroline, and the various gifts and bequests herein made to her, or for her benefit, are to be received by her and are to be in lieu of dower in any and all my other property I may be seised or possessed at the time of my decease. And on decease of my said wife, Caroline, I do hereby give and bequeath the said forty thousand dollars and accrued interest or income so held in trust by my executors or their survivor or survivors: To the Talledega College of Alabama (5) five thousand dollars; to the Congregational Church in the village of Sherburne (5) five thousand dollars; to the Methodist Episcopal Church in said village of Sherburne three (3) thousand dollars; to the Universalist Church in said village of Sherburne (2) two thousand dollars; to the Baptist Church in said village of Sherburne (1) one thousand dollars; to the Protestant Orphan Asylum of the city of Utica (1) one thousand dollars; to the supervisor of the town of Sherburne and his successors in office (5) five thousand dollars, in trust, the interest or income only to be used in the support and relief of poor widows and fatherless children in the town of Sherburne as he, the said supervisor, may deem meet and proper; to Charles Lyman Carrier one thousand (1) dollars; to Devillo White, son of Alexander White, (5) thousand dollars; to M. D. Botsford (5) five thousand dollars; to Alexander White (5) five thousand dollars; to L. S. Shipman (2) two thousand dollars; to Ellen Van Keuren (2) two thousand dollars; Annie R. Botsford (2) two thousand dollars." In the subsequent clauses prior to the fourteenth, other bequests were made, and in the fourteenth clause there was the general provision that, if his estate was not sufficient "to pay all the legacies above mentioned in full, they are to be paid pro rata, excepting the legacy of $40,000 to my wife, Caroline." In the fifteenth clause the residue of the estate, after paying one other legacy, was given in equal portions to eight parties. Executors were appointed by the sixteenth clause. In 1885 there seems to have been a settlement of the accounts of the executors practically as to all of the estate except the $40,000 fund. The widow died on 6th December, 1897, and thereupon the present proceeding was brought for a final settlement. The fund in the hands of the executors under the fifth clause amounts to just $40,000. The respondent Charles A. Fuller is the administrator with the will annexed of L. S. Shipman, named in the fifth clause as legatee of $2,000. The surrogate decided that the bequest of $5,000 to the supervisor of the town of Sherburne was void because of the indefiniteness of the beneficiaries. It was found that the appellant, Botsford, was the owner by assignment and entitled to receive all of the residuary personal estate passing under the fifteenth clause. He asked the court to hold that the void legacy, or whatever it would have been entitled to receive if valid, passed to the residuary legatees. The court declined to so hold, but held that the remaining legatees, including the respondent, were entitled to be paid in full, as the fund was sufficient for that purpose. The appeal is by Botsford individually from so much of the decree as so holds, and in accordance therewith directs that respondent is entitled to full payment.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

D. L. Atkyns, for appellant.
Charles A. Fuller, for respondent.

MERWIN, J. The legacies in form given by the fifth clause of the will amount to $44,000. The fund is only $40,000. One of the legacies—that of $5,000 to the supervisor of the town of Sherburne—is invalid. The fund, then, being sufficient to pay the valid legacies, is the respondent, who represents the legacy of $2,000 to L. S. Shipman, entitled to full payment? The appellant, representing the residuary legatees, claims that they are entitled to whatever amount would have

been applicable upon the invalid legacy had it been valid, upon the theory that the residuary legatee is entitled to lapsed legacies, and that the respondent can derive no benefit from the lapse or invalidity of the $5,000 legacy. The claim is that the respondent is only entitled to two forty-fourth parts of $40,000. The case of Page v. Leapingwell, 18 Ves. 463, is relied on by the appellant. In that case, where several legacies to the amount of £10,000 were given, payable from a fund to be produced from the sale of certain property, and expected to be at least £10,000, but turned out to be less than £7,000, and two of the legacies were void under a certain statute, it was held that the legacies were specific, and must abate proportionably, and that the void legacies fell into the general residue. In the later case of Eales v. Drake, 1 Ch. Div. 217, a testator, having power to appoint by will £7,000, made a will appointing sums to the amount of £10,000. One of the appointees in the amount of £4,000 died in the testator's lifetime. It was held that the other appointees, and not the persons who would take in default of appointment, were entitled to the benefit of the lapse. It was said that the death of the appointee augmented the fund exactly in the same way as if the testator had given pecuniary legacies of greater amount than his whole personal estate, and then one of the legatees had died. In Raikes v. Raikes, 45 Ch. Div. 66, the testatrix bequeathed her diamonds upon trust for sale, and thereout to pay two legacies of £600 and £700. The will contained a residuary bequest, but did not otherwise deal with the surplus, if any, of the proceeds of sale. The diamonds only realized £900. The legacy of £700 was void. It was held that the £600 legacy was not liable to abate in favor of the residuary legatee, but was, in effect, a first charge on the proceeds of sale, which must be satisfied before the residuary legatee could take anything. The Page Case was distinguished, it being said that in that case there was, in substance, a division of the sum of £10,000 in specific or aliquot portions among named legatees, who were to take as tenants in common in the proportions named; so that, if the gift to one failed, that event did not increase the benefit intended to be given to the other tenants in common. The case of Wetmore v. St. Luke's Hospital, 56 Hun, 313, 9 N. Y. Supp. 753, is relied on by the respondent. In that case the testatrix, after making certain specific devises and bequests, directed by the seventh clause of her will that the rest of her estate be converted into cash, and certain legacies be paid therefrom. By the eighth clause she directed that, after the payment of the legacies, and provisions for annuities in the seventh clause, the executor should pay out of the proceeds certain other legacies. There was a residuary clause. Two of the legacies in the seventh clause were ineffectual. The trial court decided that those legacies went to the residuary legatees, although the balance of the estate was insufficient to pay the legacies in the eighth clause. This was held to be error, it being said that the will was to be construed as though the ineffectual legacies were not in the will at all. The legacies in the eighth clause were treated as general legacies, and in that respect the appellant here claims the case is different from the present one. It is to be observed that the fund as described in the will is "forty thousand dollars and accrued interest or income." The testator, there-

fore, acted upon the idea that the fund was or might be more than $40,000. It was also a fund separate from the balance of the estate, and might continue for many years, and after all or most of the other provisions were executed. There was not, in terms at least, any division by the testator of the fund into specific or aliquot parts. There was no specific disposition of any particular part of the fund. There were designations of certain amounts to certain parties. One designation, however, was of such a character that in law it was no designation at all, and, if not, then the other designations did not exceed the amount in fact of the fund. In this view the Eales Case would be somewhat analogous. It is quite apparent that as to this fund the testator had particular objects of his bounty, and therefore a construction would not ordinarily be favored that would divert any part of the fund to other objects until the legacies were fully paid. The legacies are general so far as this fund is concerned, and in that view might be deemed a charge upon the fund; and, if so, a residuary legatee would take nothing until the charge was fully satisfied, as in the case of a general legacy. The question seems to be whether the gift is a charge upon the fund or a disposition of an aliquot part of it. In re Jeaffreson's Trusts, L. R. 2 Eq. Cas. 282. It should, I think, under the circumstances presented here, be deemed a charge, and entitled to full payment, as against the residuary legatee. It follows that the appeal is not well taken.

Decree, so far as appealed from, affirmed, with costs. All concur.